**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| Shenzhen Chitado Technology Co., Ltd.,<br>*Plaintiff*,<br>v.<br>Great Work International Development Co., Limited,<br>*Defendant*. | **CASE NO. 4:26-cv-01608**<br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Shenzhen Chitado Technology Co., Ltd. ("Chitado" or "Plaintiff") brings this action against Defendant Great Work International Development Co., Limited ("Defendant"), for infringement of U.S. Patent Nos. 12,649,534 B2 (the "'534 Patent") and 12,595,012 B2 (the "'012 Patent") (collectively, the "Asserted Patents"). Plaintiff alleges on personal knowledge as to its own acts and on information and belief as to other matters as follows:

**INTRODUCTION**

1. This action concerns the unauthorized offer for sale and sale in the United States of GREATWORK K7 and GREATWORK K7 Pro electric riding devices (the "Accused Products"). The Accused Products incorporate the frame, removable storage basket, and footrest arrangements claimed in the Asserted Patents.

2. Defendant offers and sells the Accused Products through the Amazon.com storefront "GREAT WORK US," the Walmart.com storefront "Greatwork Official Store," and the interactive website greatworkbike.com. Marketplace seller disclosures and the website identify Defendant as the entity operating these sales channels.

3. Plaintiff investigated the Accused Products through product listings, photographs, and installation materials, obtained purchase and delivery records for transactions directed to Plano, Texas, and prepared separate claim charts for K7 and K7 Pro under each Asserted Patent. Those charts identify infringement of Claims 6, 7, 9, and 15 of the '534 Patent and Claim 7 of the '012 Patent.

**PARTIES**

4. Plaintiff Shenzhen Chitado Technology Co., Ltd. is a limited liability company organized and existing under the laws of the People's Republic of China, with its principal place of business in Shenzhen, Guangdong Province, China. Plaintiff owns all substantial rights in the Asserted Patents, including the right to sue for infringement and recover damages.

5. Defendant Great Work International Development Co., Limited is a private company limited by shares incorporated in Hong Kong on March 3, 2026, with Business Registration Number 79877151. Its registered office is Room 1901, Zone A, 27/F, EGL Tower, 83 Hung To Road, Kwun Tong, Hong Kong.

6. Amazon identifies Defendant as the business entity operating "GREAT WORK US," Seller ID A26EFUFU064S6B. Walmart identifies Defendant as the

business entity operating “Greatwork Official Store,” Seller ID 103104685. The About Us page at greatworkbike.com identifies Defendant by name and lists the same Hong Kong registered office. On that basis, and upon information and belief, Defendant owns and operates those three sales channels. Representative accused product listings, seller disclosures, and website company information are attached as **Exhibits 1A–1C**.

## JURISDICTION AND VENUE

7. This Court has original subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271.

8. This Court has specific personal jurisdiction over Defendant because Defendant purposefully directs the offer for sale and sale of the Accused Products to Texas through its interactive website and marketplace storefronts, including the completed K7 transaction and the additional orders directed to Plano described below. Plaintiff’s claims arise out of and relate to Defendant’s sale and offer for sale of those Accused Products in Texas.

9. Defendant sold a white GREATWORK K7 through its website, greatworkbike.com, for delivery to Plano, Texas 75025. Defendant fulfilled the order, and the product was delivered to that address on October 15, 2026, after both Asserted Patents issued.

10. On October 29, 2026, a GREATWORK K7 was ordered through Defendant’s Amazon storefront, “GREAT WORK US,” for delivery to an address in

Plano, Texas 75025. Amazon's order confirmation identifies GREAT WORK US as the seller.

11. On October 29, 2026, a GREATWORK K7 Pro, Walmart Item No. 20435066931, was ordered through Defendant's Walmart storefront, "Greatwork Official Store," for delivery to Plano, Texas 75025. Walmart's order confirmation identifies Greatwork Official Store as both the seller and shipper.

12. Exercising personal jurisdiction over Defendant comports with traditional notions of fair play and substantial justice. Defendant offers the Accused Products for sale through greatworkbike.com and its Amazon and Walmart storefronts and fulfilled the test purchase alleged above by shipping an Accused Product to an address in Plano, Texas 75025, where it was delivered on October 15, 2026. Plaintiff's infringement claims arise out of and relate to Defendant's offers for sale and sales of the Accused Products, including that transaction. Texas has an interest in adjudicating alleged patent infringement arising from conduct directed to the State, and Plaintiff has an interest in obtaining effective relief for that conduct.

13. In the alternative, to the extent Defendant is not subject to personal jurisdiction in any state's courts of general jurisdiction with respect to this action, this Court has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2). Plaintiff's claims arise under federal patent law. Defendant has purposefully directed commercial activities at the United States by offering the Accused Products for sale through greatworkbike.com and its Amazon and Walmart storefronts and

by fulfilling the test purchase for delivery to Plano, Texas 75025, as alleged above. Plaintiff's claims arise out of and relate to those activities, and exercising jurisdiction based on Defendant's contacts with the United States as a whole comports with due process.

14. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because Defendant is a Hong Kong corporation and, upon information and belief, is not resident in the United States. The foreign-defendant venue rule applies to patent infringement actions.

15. The Sherman Division is a proper division for this action. Defendant shipped an Accused Product to an address in Plano, Collin County, Texas 75025, where it was delivered on October 15, 2026. Collin County lies within the Sherman Division. 28 U.S.C. § 124(c)(3).

## PLAINTIFF'S BUSINESS AND THE ASSERTED PATENTS

16. Plaintiff is a designer, manufacturer, and seller of electric riding device products, including under its GYROOR brand. Plaintiff invests substantial resources in developing innovative products and protecting its intellectual property.

17. Plaintiff has expended substantial time, money, and other resources in developing, advertising, promoting, and protecting its products and patented technology.

18. Plaintiff is the assignee and owner of all substantial rights in the Asserted Patents, including the right to sue for and recover damages for

infringement. True and correct copies of the ’534 Patent and the ’012 Patent are attached as **Exhibits 2 and 3**, respectively.

19. Plaintiff has complied with the applicable patent-marking requirements of 35 U.S.C. § 287(a) with respect to the Asserted Patents.

20. The ‘534 Patent, titled “Electric Riding Device,” was duly and legally issued by the United States Patent and Trademark Office on June 9, 2026, from U.S. Patent Application No. 19/341,002, filed September 26, 2025. The application was published as U.S. Patent Application Publication No. 2026/0028081 A1 on January 29, 2026.

21. The ‘534 Patent is valid and enforceable and is entitled to the presumption of validity under 35 U.S.C. § 282. The ‘534 Patent contains fifteen claims, including independent Claims 1, 6, 11, and 15. Plaintiff asserts Claims 6, 7, 9, and 15 of the ’534 Patent. *See* **Exhibit 2**.

22. Claim 15 of the ‘534 Patent is representative and recites:

> An electric riding device, comprising: a frame body defining a substantially flat support plate located between front and rear ends of the frame body, the support plate having a longitudinal dimension and a lateral dimension; a front wheel and a rear wheel coupled to front and rear portions of the frame body, respectively; a handlebar assembly coupled to the frame body and configured to be grasped by a user’s hands; a seat coupled to the frame body; and a power device coupled to the frame body and configured to supply power to the electric riding device; wherein the frame body comprises a storage cavity having a longitudinal dimension, a lateral dimension, and a height dimension, wherein the longitudinal dimension of the storage cavity is greater than both the lateral dimension and the height dimension thereof; wherein the storage cavity is at least partially defined by a left sidewall and a right sidewall disposed on the frame body, the left and right sidewalls are opposed to each other, a lower end of the

> left sidewall being positioned proximate a left edge of the support plate and extending substantially vertically upward therefrom, and a lower end of the right sidewall being positioned proximate a right edge of the support plate and extending substantially vertically upward therefrom; wherein the electric riding device further comprises a left footrest and a right footrest disposed on opposite sides in the lateral direction, wherein an installation position of the left footrest is longitudinally nearer a left front end of the support plate rather than at or adjacent to a left rear end of the support plate, and an installation position of the right footrest is longitudinally nearer a right front end of the support plate rather than at or adjacent to the right rear end of the support plate; wherein each of the left sidewall and right sidewall is removably disposed on the frame body; and wherein the storage cavity has an open top.

23. The ‘012 Patent, titled "Electric Riding Device," was duly and legally issued by the United States Patent and Trademark Office on April 7, 2026, from U.S. Patent Application No. 19/340,910, filed September 26, 2025. The applications that issued as the ’534 Patent and the ’012 Patent were filed on the same day, name the same inventors, and are identified as continuations-in-part of International Application No. PCT/CN2025/106945, filed July 3, 2025. The ‘012 Patent is valid and enforceable and is entitled to the presumption of validity under 35 U.S.C. § 282. The ‘012 Patent contains seven claims, including independent Claims 1 and 7. Plaintiff asserts Claim 7 of the ’012 Patent. *See* **Exhibit 3**.

24. Claim 7 of the ‘012 Patent is representative and recites:

> An electric riding device, comprising: a frame body; a front wheel installed at a front side of the frame body, and a rear wheel installed at a rear side of the frame body; a handlebar assembly installed on the frame body and configured to be handled by a user; a seat installed on the frame body; and a power device installed on the frame body and configured to power the electric riding device; wherein the frame body comprises a substantially flat base portion, a front raised portion extending upwardly from

> a front end of the base portion, and a rear raised portion extending upwardly from a rear end of the base portion, the base portion having a longitudinal dimension and a lateral dimension; wherein the front raised portion is configured to support a head tube at a distal end away from the base portion, the head tube being for installing the handlebar assembly to the frame body, and at least a portion of the rear raised portion is configured to support the seat; wherein the electric riding device further comprises a storage basket removably installed on the frame body, the storage basket defining a contact surface configured to engage an upper surface of the base portion and permit the storage basket to be stably placed thereon, such that when the storage basket is placed on the upper surface of the base portion, the contact surface and the upper surface of the base portion are in substantially horizontal contact; and wherein the electric riding device further comprises a left footrest and a right footrest, the left and right footrests being disposed on opposite sides in the lateral direction, wherein an installation position of the left footrest is longitudinally nearer a left-front end of the base portion rather than at or adjacent to a left-rear end of the base portion, and an installation position of the right footrest is longitudinally nearer a right-front end of the base portion rather than at or adjacent to a right-rear end of the base portion.

25. Plaintiff asserts Claim 7 of the ’012 Patent. Claim 7 recites, among other limitations, a substantially flat base portion, front and rear raised portions supporting the head tube and seat, respectively, a removable storage basket having substantially horizontal contact with the upper surface of the base portion, and left and right footrests installed longitudinally nearer the respective front ends of the base portion rather than at or adjacent to its rear ends. **Exhibits 5A and 5B** identify the corresponding accused structures in the K7 and K7 Pro, respectively, on a limitation-by-limitation basis.

## DEFENDANT'S ACCUSED CONDUCT

26. Defendant offers for sale and sells K7 and K7 Pro electric riding devices in the United States through the sales channels alleged above. Upon information and belief, Defendant has continued those offers and sales after the issuance of each Asserted Patent, including through its identified online storefronts and the transactions directed to Texas.

27. The Accused Products have front and rear wheels, a handlebar assembly, a seat, a power device, and a frame with a center storage basket positioned between the wheels. The basket is removable and is secured to the frame with screws. Product installation materials depict the basket removed from the frame and the installation of left and right footrests beside the forward portion of the basket-supporting structure.

28. Plaintiff alleges that the K7 and K7 Pro infringe Claims 6, 7, 9, and 15 of the '534 Patent, as detailed in the limitation-by-limitation claim charts attached as **Exhibits 4A and 4B**, respectively. The charts identify the accused frame and support-plate structures, removable open-top basket, opposed sidewalls, and footrest positions corresponding to Claims 6 and 15; the threaded basket-mounting mechanism corresponding to Claim 7; and the bent basket portion conforming to the frame corresponding to Claim 9. For Claim 15, the charts further identify a storage cavity whose longitudinal dimension exceeds both its lateral and height dimensions and explain that the left and right sidewalls are removed from the frame when the basket assembly is removed.

29. Plaintiff alleges that the K7 and K7 Pro infringe Claim 7 of the ’012 Patent, as detailed in the limitation-by-limitation claim charts attached as **Exhibits 5A and 5B**, respectively. The charts identify the substantially flat base portion, front and rear raised portions supporting the head tube and seat, removable storage basket and its contact with the upper surface of the base portion, and the left and right footrest installation positions corresponding to the limitations of Claim 7.

30. The storefronts and listing identifiers in **Exhibit 6** are representative rather than exhaustive. Plaintiff’s allegations also encompass the same Accused Products sold by Defendant through replacement or additional listings, including color or battery-capacity variants that retain the structures alleged to infringe. A different URL, listing identifier, or storefront name does not change the accused product structure or the identity of Defendant responsible for the accused conduct.

31. Defendant has no license or other authorization from Plaintiff to offer for sale, sell, use, make, or import products practicing either Asserted Patent.

32. Defendant’s offers and sales place the Accused Products in competition with Plaintiff’s electric riding devices. Upon information and belief, the accused conduct has caused and continues to cause lost sales, price erosion, and harm to Plaintiff’s customer relationships and market position. Plaintiff seeks compensation for infringement and appropriate injunctive relief against its continuation.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 12,649,534 B2

33. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

34. Defendant has directly infringed and continues to directly infringe Claims 6, 7, 9, and 15 of the ’534 Patent, in violation of 35 U.S.C. § 271(a), by offering to sell and selling the Accused Products within the United States, without Plaintiff’s authorization, after issuance of the ’534 Patent on June 9, 2026. Defendant conducts these activities through its Amazon storefront “GREAT WORK US,” its Walmart storefront “Greatwork Official Store,” and greatworkbike.com.

35. The K7 and K7 Pro each literally satisfy every limitation of Claims 6, 7, 9, and 15 of the ’534 Patent, as detailed in **Exhibits 4A and 4B**, respectively. Alternatively, to the extent any corresponding accused element does not literally satisfy a claim limitation, Plaintiff alleges that the element satisfies that limitation under the doctrine of equivalents because the differences are insubstantial, including because the element performs substantially the same function, in substantially the same way, to achieve substantially the same result.

36. Defendant’s infringement has damaged Plaintiff. Plaintiff seeks damages adequate to compensate for that infringement under 35 U.S.C. § 284, including lost profits to the extent proven, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs as permitted by law. To the extent supported by the evidence, Plaintiff also seeks enhanced damages under 35 U.S.C. § 284 and reasonable attorneys’ fees under 35 U.S.C. § 285.

37. Defendant's continuing infringement causes Plaintiff irreparable harm, including price erosion and injury to customer relationships and market position, for which monetary damages alone are inadequate. Unless enjoined, Defendant will continue its infringing conduct. Plaintiff seeks preliminary and permanent injunctive relief under 35 U.S.C. § 283.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 12,595,012 B2**

38. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

39. Defendant has directly infringed and continues to directly infringe Claim 7 of the '012 Patent, in violation of 35 U.S.C. § 271(a), by offering to sell and selling the Accused Products within the United States, without Plaintiff's authorization, after issuance of the '012 Patent on April 7, 2026. Defendant conducts these activities through its Amazon storefront "GREAT WORK US," its Walmart storefront "Greatwork Official Store," and greatworkbike.com.

40. The K7 and K7 Pro each literally satisfy every limitation of Claim 7 of the '012 Patent, as detailed in **Exhibits 5A and 5B**, respectively. Alternatively, to the extent any corresponding accused element does not literally satisfy a claim limitation, Plaintiff alleges that the element satisfies that limitation under the doctrine of equivalents because the differences are insubstantial, including because the element performs substantially the same function, in substantially the same way, to achieve substantially the same result.

41. Defendant's infringement has damaged Plaintiff. Plaintiff seeks damages adequate to compensate for that infringement under 35 U.S.C. § 284, including lost profits to the extent proven, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs as permitted by law. To the extent supported by the evidence, Plaintiff also seeks enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees under 35 U.S.C. § 285.

42. Defendant's continuing infringement causes Plaintiff irreparable harm, including price erosion and injury to customer relationships and market position, for which monetary damages alone are inadequate. Unless enjoined, Defendant will continue its infringing conduct. Plaintiff seeks preliminary and permanent injunctive relief under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. A judgment that Defendant has infringed Claims 6, 7, 9, and 15 of the '534 Patent and Claim 7 of the '012 Patent;

B. Preliminary and permanent injunctive relief under 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65, restraining Defendant, its officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with any of them, who receive actual notice of the injunction, from:

a. making, using, offering to sell, or selling within the United States, or importing into the United States, the Accused Products and other products that infringe the claims adjudged infringed; and

b. evading the injunction by transferring infringing listings, storefronts, seller accounts, or inventory, or by using replacement listings, accounts, entities, or intermediaries to continue the enjoined conduct;

C. An order requiring Defendant to remove or disable listings offering the enjoined products for sale in the United States, and, upon appropriate proof and to the extent permitted by Rule 65(d)(2) and applicable law, requiring persons bound by the injunction to cease assisting Defendant in continuing the enjoined conduct;

D. An award of damages adequate to compensate Plaintiff for Defendant's infringement under 35 U.S.C. § 284, including lost profits to the extent proven, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest as permitted by law;

E. A finding, to the extent proven, that Defendant's infringement was willful and an award of enhanced damages under 35 U.S.C. § 284;

F. A determination that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees, to the extent supported by the evidence;

G. An award of Plaintiff's taxable costs and other recoverable expenses as permitted by law; and

H. Such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 29, 2026

Respectfully submitted,

/s/ Tao Liu

Tao Liu
Bar No. 5741665NY
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
Telephone: (212) 937-9999
Email: tao.liu@glacier.law

Counsel for Plaintiff Shenzhen Chitado Technology Co., Ltd.